# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHERRY NEU | § | |
| | § | |
| VS. | § | Case No. 4:04cv390 |
| | § | (Judge Bush) |
| HOME DEPOT U.S.A., INC. | § | |

**ORDER**

This is a personal injury lawsuit in which the Plaintiff, Sherry Neu, claims she was injured while shopping for a door at Home Depot U.S.A., Inc. ("Home Depot") on August 23, 2002. Plaintiff's allegations against Home Depot are based on Texas premises liability law.

A defendant is entitled to summary judgment as a matter of law if it can negate at least one element of a plaintiff's cause of action and, after adequate time for discovery, the plaintiff is unable to produce any evidence sufficient to establish a genuine issue of material fact with respect to a claim on which the plaintiff bears the burden of proof at trial. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994); *Ashe v. Corley*, 992 F.2d 504, 543-44 (5th Cir. 1993).

Sherry Neu claims to have sustained injuries and damages while shopping for a door at the Home Depot store in Denton, Texas on August 22, 2002. Plaintiff claims that she had pulled a door from a display rack and became alarmed that the door was falling on her. She squatted and grabbed the door, halting its descent but injuring herself in the process. Plaintiff claims that the manner in which the door was displayed created a hazardous condition. Texas premises liability law governs this diversity case.

Plaintiff contends that Home Depot should have had some "stop mechanism" in place or

1

some warning signs in place which would altert Plaintiff about the alleged condition created by the door display. Plaintiff did not designate any liability experts in her designation of experts filed with the Court. Defendant's expert witness, Doug Chism, testifies that such "door stops" are not standard and were not required in the industry at the time of the accident. In fact, according to Mr. Chism, the method by which the doors were displayed is standard in the industry.

In order to recover on a premises defect claim in Texas, a plaintiff must prove that a hazardous condition in fact existed, as well as each of the following elements:

1. The owner/occupier had actual or constructive knowledge of some condition on the premises;

2. The condition posed an unreasonable risk of harm;

3. The owner/occupier did not exercise reasonable care to reduce or eliminate the risk of harm; and

4. The owner/occupier's failure to use such care proximately caused the plaintiff's injuries.

*Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 2 (Tex. 1996); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

To prove an action for premises liability as an invitee, Plaintiff must establish that a condition on the premises posed an unreasonable risk of harm. *M.O. Dental Lab v. Rape*, 139 S.W.3d. 671, 675 (Tex. 2004); *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Whether a condition constitutes an "unreasonable risk of harm" is a function of reasonableness, that is, whether a reasonably prudent person would foresee that harm was a likely result of the condition. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975).

"The mere fact that a store has a customer sampling display cannot, without more, be evidence of a condition on the premises that poses an unreasonable risk of harm." *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999); *see also Plainview Motels, Inc. v. Reynolds*, 127 S.W.3d 21, 29 (Tex. App.–Tyler 2003, pet. denied). Whether a self-service display is unreasonably dangerous "can only be answered by considering the nature of the display in light of, but not limited to, its surroundings." *Plainview Motels*, 127 S.W.3d at 29.

Before an owner/occupier can be found to have sufficient knowledge of a condition to result in liability, the claimant must show that the owner/occupier created a condition posing an unreasonable risk of harm that the owner/occupier knew existed and negligently failed to remedy, or that the condition existed for such a long period of time that is should have been discovered and remedied in the exercise of ordinary care. *Motel 6*, 929 S.W.2d at 3; *Keetch*, 845 S.W.2d at 264; *see also Wyatt v. Furr's Supermarkets, Inc.*, 908 S.W.2d 266, 268 (Tex. App.–El Paso 1995, no writ).

An owner/occupier has no duty to reduce or eliminate risks of which it is not and should not be aware. *Motel 6*, 929 S.W.2d at 3. The existence of actual or constructive knowledge of a premises defect is a threshold requirement for a premises liability claim. *Id.*

"When circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is *more likely than not* that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Plaintiff must establish *more* than a mere possibility that a condition existed long enough for the defendant to have noticed it. *Id.*; *see also Wal-Mart Stores v. Rosa*, 52 S.W.3d 842 (Tex. App.–San Antonio 2001, pet. denied). The burden of proof in premises liability cases is an onerous one. *See Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 893

(5th Cir. 2000).

Home Depot argues that Plaintiff has not shown, and is unable to show, that the door display in question posed an "unreasonable risk of harm" at the time of the incident. The display in question was a structure, built by a third party, to showcase door assemblies for Home Depot customers. The display was built in a way to enable the customers to view the doors and then remove them from the display for purchase. According to Defendant's witness, Doug Chism, such displays are standard in the industry. Mr. Chism also states that there is no industry standard by which someone places "stops" or some other device to prevent customers from pulling the door off of the display.

Assuming, for purposes of argument, that a hazardous condition did exist as alleged by Plaintiff, there is no competent summary judgment evidence that Home Depot either knew about the alleged condition or that the condition may have existed for a sufficient period of time so as to enable Home Depot to discover it. This, in itself, entitles Defendant to summary judgment.

The actual or constructive knowledge requirement of a premises liability claim is essential to recovery. *See Willis v. RaceTrac Petroleum, Inc.*, 1996 WL 790244 (N.D. Tex 1996). Plaintiff has not produced any competent summary judgment evidence to suggest that a condition creating an unreasonable risk of harm existed at the Home Depot store in question.

There is absolutely no competent summary judgment evidence, circumstantial or otherwise, to suggest that, by a preponderance of the evidence, some hazardous condition existed on the premises in question at the time of, or even prior to, the alleged incident which would place Home Depot on notice of its existence. Plaintiff has failed to respond to Defendant's Motion for Summary Judgment. When a party fails to respond to a motion, the Court must assume that the party has no opposition to the motion. Local Rule CV-7(d). Defendant is therefore entitled to summary

judgment.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is GRANTED and the above titled and numbered cause of action is DISMISSED WITH PREJUDICE.

**SIGNED this 18th day of October, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE